IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MANDI J. CORDELL**                                                                                    **PLAINTIFF**

v.                                    **CASE NO. 3:22-CV-00321 BSM**

**DAVID WEST, et al.**                                                                                  **DEFENDANTS**

## ORDER

The motion to dismiss filed by Cross County Sheriff's Department and Sheriff David West [Doc. No.10] is granted.

## I. BACKGROUND

Mandi Cordell is suing defendants for sex discrimination, disability discrimination, and retaliation under Titlele VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), 42 U.S.C. § 1981, the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) ("ADA"), the Age Discrimination in Employment Act (29 U.S.C. § 631 et seq.) ("ADEA"), the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601 et seq.), and the Arkansas Civil Rights Act (Ark. Code 16-123-107 et seq.) ("ACRA"). She alleges that defendants: (1) denied her reasonable accommodations while she was pregnant [Am. Compl. ¶ 10, Doc. No. 8]; (2) refused to provide details of a verbal complaint against her by a member of the public, [Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 3, Doc. No. 14]; (3) failed to secure sensitive photographs of her which caused her great embarrassment [Am. Compl. ¶ 12, Doc. No. 8]; (4) applied a different standard to her than applied to male coworkers [*id.* ¶ 13]; and (5) terminated for refusing to take orders from a superior from whom she had been instructed

not to take orders. *Id.* ¶ 14.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

The claims against the Sheriff's Department are dismissed without prejudice because the Sheriff's Department is only a subdivision of Cross County and not a proper defendant. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Cordell, however, can sue Cross County. Even if the Sheriff's Department could be sued, the Title VII retaliation, 42 U.S.C. § 1981, ADEA, and FMLA claims, against it would be dismissed because Cordell has failed to properly allege facts supporting those claims..

The Title VII, ADA, ADEA, and ACRA claims against Sheriff West are dismissed with prejudice because Sheriff West is not an "employer" capable of being sued in his individual capacity. *See Morrow v. City of Jacksonville, Ark.*, 941 F. Supp. 816, 820 (E.D. Ark. 1996) (holding that individual employees cannot be personally liable under Title VII,

ADA, ADEA, or ACRA). The FMLA retaliation claim against Sheriff West is dismissed without prejudice because Cordell has failed to identify what type of FMLA claim she is asserting and has failed to allege facts to plausibly support any of the three types of FMLA claims. *See Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012)(recognizing claims under the FMLA for entitlement, discrimination, and retaliation). The section 1981 claim is dismissed without prejudice because Cordell has failed to allege any facts supporting her race discrimination claim.

## IV. CONCLUSION

For these reasons, Cordell's claims against Sheriff West in his individual capacity under Title VII, ADA, ADEA, and ACRA are dismissed with prejudice, and all other claims are dismissed without prejudice.

IT IS SO ORDERED this 24th day of August, 2023.

_____
UNITED STATES DISTRICT JUDGE